UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

RAVEN LYNN HALL,                                                                PLAINTIFF

v.                                      CIVIL ACTION NO. 3:15-CV-00152-CRS

PANERA, LLC and RYAN SULLIVAN,                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Raven Lynn Hall's motion to remand and her motion to enlarge or extend time, or waive service on Defendant Ryan Sullivan. For the reasons stated below, the Court will grant Plaintiff's motion to remand. The Court will deny as moot Plaintiff's motion to enlarge or extend time, or waive service on Defendant Sullivan.

## BACKGROUND

Defendant Panera, LLC ("Panera") is a "limited liability company organized under the laws of Delaware and is wholly owned by Panera Bread Co., a Delaware Corporation…. Panera Bread Co. … has a principal office in Saint Louis, Missouri." Notice of Removal ¶ 14, ECF No. 1. Raven Lynn Hall is a domiciliary of Jefferson County, Kentucky. Pl.'s Compl. ¶ 1, ECF No. 1-3. Hall alleges Defendant Ryan Sullivan is a resident of Kentucky. Pl.'s Mot. Remand 1, ECF No. 6. Panera asserts and Hall does not object that the amount in controversy exceeds $75,000. Notice of Removal ¶ 11, ECF No. 1.

Hall filed her complaint in the Commonwealth of Kentucky, Jefferson Circuit Court on October 20, 2014. Pl.'s Compl., ECF No. 1-3. Hall served Panera a summons and complaint on

October 22, 2014. St. Ct. Docket Sheet, ECF No. 1-5. Panera filed a notice of removal on February 18, 2015, on the basis of this Court's 28 U.S.C. § 1332 diversity jurisdiction. ECF No. 1. It is undisputed that Defendant Sullivan has not been served with a summons and complaint. *See* Notice of Removal ¶ 5, ECF No. 1; Pl.'s Mot. Remand 6-7, ECF No. 6.

## DISCUSSION

Generally, a defendant may remove a state court action if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). This Court has original diversity jurisdiction where the suit is between "citizens of different states" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a). For diversity purposes, a natural person has citizenship where she is a domiciliary; *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994); a limited liability company "has the citizenship of each of its members;" *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (quoting *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir.2009)); and a corporation has the citizenship of its place of incorporation and its principal place of business; *see Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days of filing the initial complaint. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

2

Federal courts are courts of limited jurisdiction and a defendant seeking removal has the burden to show federal subject-matter jurisdiction. Panera has not done so.

Panera argues in its Notice of Removal that the Section 1446(b)(1) filing requirements have been met because Panera "filed within 30 days after Panera's receipt of the state court docket sheet showing Defendant Ryan Sullivan has not been served within 120 days." 2, ECF No. 1. A state court docket sheet, however, is not "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1). When Panera read the docket sheet, it still listed Ryan Sullivan, an alleged domiciliary of Kentucky, as a defendant. From this "other paper" it was not ascertainable that the case was any more removable than it was when Hall initially filed her claim – Sullivan was still a non-diverse defendant. While Panera argues that Fed. R. Civ. P. 4(m)[1] alters the removability of the case once 120 days passed, that Rule would not impact any party until the case reached federal court. *See* Fed. R. Civ. P. 81(c)(1). An inapplicable federal rule does not morph an unserved defendant on a docket sheet into a ticket into federal jurisdiction.

While some Circuit Courts of Appeals have held that "removal is permissible outside of the 30-day periods of 28 U.S.C. §§ 1446(b)(1) and (b)(3) where a defendant's own investigation yields evidence of removability," *Cutrone v. Mortg. Elec. Registration Sys.*, 749 F.3d 137, 147 (2d Cir. 2014), these courts have done so where there is a concern that the plaintiff may "be able to prevent or delay removal by failing to reveal information showing removability and then

---

[1] Fed. R. Civ. P. 4(m) states: "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."

objecting to removal when the defendant has discovered that information on its own." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). As shown by the cases Panera cites in its response to Hall's motion, this problem most often frustrates timely removal within the 30-day period in class actions where the pleadings do not transparently set forth the amount in controversy or citizenship of the parties. *See, e.g.*, *Cutrone*, 749 F.3d 137; *Roth*, 720 F.3d 1121; *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013).

This case is not a class action and the complaint clearly states the parties' citizenship. Indeed, Panera concedes that "on the face of the Complaint, the case was not removable." Def.'s Resp. Pl.'s Mot. Remand & Extend Time 9, ECF No. 10. The parties lack complete diversity as Hall is a domiciliary of Kentucky and Defendant Sullivan is an alleged domiciliary of Kentucky. "[L]earn[ing] that Mr. Sullivan remained unserved in February 2015" does not alter the complaint's clarity that Sullivan is a Kentucky domiciliary. Def.'s Resp. Pl.'s Mot. Remand & Extend Time 9, ECF No. 10.

Panera neither filed a notice of removal within 30 days after the receipt of a document which it could ascertain that the case was removable nor did it uncover new information in its own investigation of removability. Panera fails to meet the notice of removal filing requirements under Section 1446(b)(1). The Court will grant Hall's motion to remand to state court.

As this Court will remand this case to state court, Hall's motion to enlarge or extend time, or waive service on Defendant Ryan Sullivan is moot. The Court will deny that motion.

A separate order will be entered in accordance with this opinion.

October 30, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**